# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

RYAN KOENIG and KELLIE EVERETT )
)
        Plaintiffs, )
) No. 2:18-cv-3599-DCN
    vs. )
) **ORDER**
EDWARD JOHNSON, )
)
        Defendant. )
_____)

The following matter is before the court on plaintiff Ryan Koenig's ("Koenig") motion to compel, ECF No. 29. For the reasons discussed below, the court denies the motion.

## I. BACKGROUND

This discovery dispute arises from a personal injury action. Plaintiffs Koenig and Kellie Everett ("Everett") (collectively, "plaintiffs") allege that on December 5, 2017, while they were walking on the sidewalk along Maybank Highway in Charleston County, defendant Edward Johnson ("Johnson") struck plaintiffs with his vehicle while he was pulling out of a parking lot and onto the highway. Plaintiffs allege that Johnson's vehicle proceeded to run over Koenig, pinning him under a wheel of the vehicle for a brief period. Plaintiffs claim various injuries as a result of the accident, including catastrophic injures to Koenig. Plaintiffs filed the instant action with this court against Johnson alleging negligence and negligence per se as to Koenig and negligence, negligence per se, negligent infliction of emotional distress, and loss of consortium as to Everett. ECF No. 1.

Third-party Litigation Solutions, LLC ("Litigation Solutions") is a consulting firm based in Pittsburgh, Pennsylvania that provides investigative services for insurance companies and the legal community. Litigation Solutions performs investigative services for American International Group, Inc. ("AIG"), Johnson's liability insurer. AIG retained Litigation Solutions to conduct an investigation of Koenig in December of 2017, days after the accident in question took place. On August 23, 2019, Koenig served a subpoena duces tecum on Litigation Solutions, seeking discovery of the fruits of Litigation Solutions's investigation of Koenig and evidence of the nature and extent of Litigation Solutions's relationship with AIG as well as other insurers.

After failing to receive that which he requested in the subpoena, Koenig filed the instant motion to compel in this court on November 21, 2019, requesting that the court compel Litigation Solutions's compliance with the subpoena duces tecum. ECF No. 29. On December 5, 2019, Litigation Solutions responded. ECF No. 33. The court held a hearing on the matter on February 6, 2020. This matter is now ripe for the court's review.

## II.   DISCUSSION

Subpoenas are governed by Fed. R. Civ. P. 45. A subpoena made on a non-party must state the place where compliance is required, which must be within 100 miles of where the subpoenaed non-party resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(a)(1)(A)(iii), (c)(2)(A). A subpoena that requires a non-party's compliance outside of Rule 45's geographical scope is invalid. See Miller v. Holzmann, 471 F. Supp. 2d 119, 121 (D.D.C. 2007).

Further, Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses.

> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>
> (2) Appropriate Court. A motion for an order to a party must be made in the court where the action is pending. <u>A motion for an order to a nonparty must be made in the court where the discovery is or will be taken</u>.

Fed. R. Civ. P. 37(a) (emphasis added). In other words, a party wishing to compel a discovery response from a non-party must file its motion to compel in the district where the discovery materials are located. The procedure set out in Rule 45 similarly requires a party that is seeking a non-party's compliance with a subpoena to file a motion to compel in the district where compliance with the subpoena will take place.

> At any time, on notice to the [subpoenaed] person, the serving party may move the court for the district <u>where compliance [with the subpoena] is required</u> for an order compelling production or inspection.

FRCP 45(d)(2)(B)(i). Clearly, then, both Rule 37 and Rule 45 require that when a party seeks to compel a non-party's action pursuant to a subpoena duces tecum, the party must file its motion to compel in the district where the sought documents are located, not in the district where the subpoena was issued. <u>See</u> Fed. R. Civ. P. 45 advisory committee's note to the 2013 amendment ("To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c).").

Other courts around the country have denied motions to compel compliance with a subpoena and motions to quash a subpoena where the subpoena required compliance in another district. See Europlay Capital Advisors, LLC v. Does, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (finding that because the subpoena required compliance in another district, the court had no jurisdiction to grant a motion to compel); Agincourt Gaming, LLC v. Zynga, Inc., 2014 WL 4079555 (D. Nev. Aug. 15, 2014) (finding that the court lacked jurisdiction to resolve a motion to quash where the subpoena required in a different district); Semex All. v. Elite Dairy Genomics, LLC, 2014 WL 1576917 (S.D. Ohio Apr. 18, 2014) (same).

Koenig has filed this motion to compel in the district of South Carolina, and his subpoena requires Litigation Solutions's compliance in Columbia, South Carolina. Litigation Solutions headquarters and the documents Koenig seeks are located in Pittsburg, Pennsylvania, in the Western District of Pennsylvania. As such, Koenig is caught between a procedural Scylla and Charybdis. If he argues that he brought this motion to compel in the correct district because his subpoena requires compliance in Columbia, South Carolina, then his subpoena fails because it requires Litigation Solution's compliance more than 100 miles away from where Litigation Solutions is located. If, however, he argues that the subpoena requires compliance in Pittsburg, then he has brought his motion to compel in the wrong district, as the Federal Rules would require that the Western District of Pennsylvania hear the dispute. Either way, the court must deny the motion. Because of the subpoena's fatal procedural shortcomings, the court need not reach its substantive merit.

## IV. CONCLUSION

For the foregoing reasons the court **DENIES** the motion to compel.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**February 11, 2020
Charleston, South Carolina**

5