# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Ryan Koenig and Kellie Everett, | C/A No. 2:18-cv-03599-DCN |
| Plaintiffs, | |
| v. | **PLAINTIFFS' MOTION TO PRECLUDE EXPERT TESTIMONY OF STEPHANIE BORZENDOWSKI AND MEMORANDUM IN SUPPORT** |
| Edward Johnson, | |
| Defendant. | |

Plaintiffs respectfully ask this Court to preclude any expert testimony of Stephanie Borzendowski as her testimony fails to meet the reliability thresholds of Federal Rule of Evidence 702, *Daubert,*[1] and its progeny.

## I.     FACTS AND RELEVANT TESTIMONY

This case involves an incident that occurred on December 5, 2017, when the Plaintiffs were hit by a car driven by Defendant Johnson who was stopped in the parking lot of a private business, James Island Cleaners, waiting to turn right onto Maybank Highway. Johnson testified "I pulled up. I looked to the right. I didn't see anybody. I looked to the left, and then I went." Johnson Depo p.22, lines 13-15, excerpts attached as Exhibit A. Plaintiff Koenig had no memory of the incident, due to his catastrophic brain injury, but Plaintiff Everett testified to the following:

> A: And then we were coming up on the -- on the vehicle on the sidewalk, and the traffic was really heavy on Maybank. So as I was getting closer to crossing in front of the -- car, I decided that there was no possible way that he could be intending to turn out into that traffic. I did look at him, but I couldn't tell if I made eye contact or not.
>
> And I continued walking in front of the car. And then while I was in front -- around in front of the driver, he pulled forward and I was hit and it knocked the coffee out of my hands. And then I believe he came forward a second time, and at that point, I turned behind me and looked

---

[1]*Daubert v. Merrell Dow,* 509 U.S. 579 (1993).

1

>at Ryan and saw him pinned underneath the wheel of the car. I immediately started screaming at the driver to back up off of him, and he did.

Everett Depo. p.15, lines 3-19, excerpt attached as Exhibit B.

Stephanie Borzendowski, of Applied Building Sciences, was hired by the defense to perform a "human factors investigation" and she issued a report attached as Exhibit C. Borzendowski had several relevant opinions in her report. First, she opined that drivers turning right at a "T-junction" were "significantly more likely to concentrate their glances to the near or far left 'where the most probably hazard was likely to appear'." She further opined that when Johnson did look right that his view was partially obscured or that the plaintiffs were far enough away where he did not view them as a potential hazard. Therefore, "Johnson's behavior was consistent with that of a reasonable driver." Finally, Borzendowski opined that drivers do not typically expect pedestrians to place themselves in front of moving vehicles and that "[p]otentially dangerous interactions between road users can occur when expectancies are violated" and that "Johnson would not have expected a pedestrian to walk in front of his vehicle." For the reasons set forth below, Borzendowski's should be excluded from testifying in this case.

## **LEGAL STANDARD**

Federal Rule of Evidence 702 permits '[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education" to offer opinion testimony only if:

>(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>(b) the testimony is based on sufficient facts or data;
>(c) the testimony is the product of reliable principles and methods; and
>(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702 imposes a "basic gatekeeping obligation" on the trial court to ensure

2

that an expert witness "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).  This is determined by whether the witness's opinion "rests on a reliable foundation," i.e., "whether the reasoning or methodology underlying the testimony is scientifically valid"—and whether the opinion is "relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 582-83, 597 (1993); *Nease v. Ford Motor Co.*, 848 F.3d 219, 230 (4th Cir. 2017) ("Rule 702 imposes a special gatekeeping obligation on the trial judge to ensure that an opinion offered by an expert is reliable.") (citation omitted), *cert. denied*, 137 S. Ct. 2250, 198 L.Ed. 2d 680 (2017).  The proponent of expert testimony must demonstrate that the testimony satisfies these requirements. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) ("The proponent of the testimony must establish its admissibility by a preponderance of proof.").

In *Daubert*, the Supreme Court set forth non-exclusive factors on which district courts may rely in evaluating whether a proposed expert has used a reliable methodology to arrive at his or her opinion:  "(1) whether a theory or technique can be or has been tested; (2) whether it has been subjected to peer review and publication; (3) whether a technique has a high known or potential rate of error and whether there are standards controlling its operation; and (4) whether the theory or technique enjoys general acceptance within a relevant scientific community." *Cooper*, 259 F.3d at 199.  Which factors to consider is based on the facts of the case and left to the discretion of the district court. *Kumho Tire*, 526 U.S. at 152; *Daubert*, 509 U.S. at 593.  Nevertheless, "[f]ailure to satisfy any of the four reliability factors recognized in *Daubert* is sufficient to preclude the testimony of any of the general causation experts from testifying at trial." *Chapman v. Procter &*

3

*Gamble Distrib., LLC*, 766 F.3d 1296, 1307 (11th Cir. 2014) (citing *Daubert*, 509 U.S. at 593–94), *cert. denied*, 135 S. Ct. 2312 (2015)). [2]

Although the *Daubert* inquiry should "focus . . . on principles and methodology" rather than the proposed expert's conclusions, "conclusions and methodology are not entirely distinct from one another." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Expert opinions should be "connected to existing data" by something other than "the *ipse dixit* of the expert," and where "there is simply too great an analytical gap between the data and the opinion proffered," the opinion should be excluded. *See id.* (citation omitted); *see also Holesapple v. Barrett*, 5 Fed. App'x 177, 180 (4th Cir. 2001) ("[I]t still is a requirement that the expert opinion evidence be connected to existing data by something more than the 'it is so because I say it is so' of the expert.").

## II.     ARGUMENT

Borzendowski's initial opinion, that drivers were more likely to concentrate their glances to the left when turning right, is based on a mis-application of the literature to the facts of this case. When further exploring this opinion in her deposition, the literature Borzendowski relied on dealt with the scenario where a driver was turning left and there were no other hazards for the driver to deal with. Borzendowski Depo p.56, line 5-p.58, line 12, excerpts attached as Exhibit D. Borzendowski agreed, in her deposition, that the illustration in the literature, attached as Exhibit E, was not like Johnson's situation because there was an additional variable, a sidewalk with potential pedestrian

---

[2] The advisory committee notes to Rule 702 provide that other factors that a court may consider are "[w]hether the expert is proposing to testify about matters growing naturally and directly out of research he has conducted independent of the litigation, or whether he has developed his opinion expressly for purposes of testifying," "[w]hether the expert 'is being as careful as he would be in his regular professional work outside his paid litigation consulting,'" "[w]hether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion," and "[w]hether the expert has adequately accounted for obvious alternative explanations." Fed. R. Evid. 702 advisory committee's note to 2000 amendment.

traffic coming from either direction, that Johnson had to deal with. Borzendowski Depo p.58, line 13-p.60, line 14. Further, the purpose of the paper was to determine whether younger drivers tended to gaze towards potential hazards versus older drivers who gazed more in the direction they were traveling. Borzendowski Depo p.60, line 15-p.62, line 18.

The purported scientific research cited by Borzendowski has no applicability to the facts of this case since Johnson was faced with turning right and having to cross a sidewalk and deal with potential pedestrian traffic. For Borzendowski to testify that the immediate hazard to Johnson was traffic coming from his left, rather than the pedestrians coming from his right, who he has an absolute duty to yield to, is not only not based on any scientific evidence it would also just confuse the jury and would amount to nothing more than allowing an expert to make an excuse for why Johnson hit the plaintiffs.

Borzendowski's opinion with regard to expectancy is similarly flawed. The opinion that drivers do not expect that pedestrians will place themselves in the path of a moving vehicle is based on another paper which states, "pedestrians will cooperate in this endeavor as well and not place themselves in a path of a car when the latter clearly has the right of way." Excerpt attached as Exhibit F. In her deposition, Borzendowski agreed that in this case the pedestrians, the plaintiffs, had the right of way, but reiterated her opinion that drivers still have an expectancy that a pedestrian will not place themselves in the path of a moving vehicle. Borzendowski then agreed that the plaintiffs had not placed themselves in the path of a moving vehicle because it was clearly not moving when they walked in front of it. Borzendowski Depo p.63, line 3-p.66, line 12.

Finally, Borzendowski opines that "it is possible that when Johnson looked right, his vehicle at least partially obscured his view of the plaintiffs." Borzendowski Report p.4. In her deposition, Borzendowski testified "I don't think it's reasonable to say that it [the A-pillar in Johnson's vehicle]

5

obstructed the view of pedestrians that were in motion the entire time they were in motion." Borzendowski Depo. p.40, lines 7-10. Although she then testified that, generally speaking, it is **possible** that an A-pillar may block an entire pedestrian or pedestrians and later admits that she cannot testify to a reasonable degree of scientific certainty that the plaintiffs were ever completely obstructed from Johnson's view. Borzendowski Depo. p.40, lines 10-16; p.41, line 8-p.43, line 3.

There is no evidence, and no expert testimony, that the view of the plaintiffs was ever completely obstructed by the A-pillar and passenger side mirror in Johnson's vehicle. The opinion that the plaintiffs may have been **partially** obstructed at some point is irrelevant, misleading, and potentially confusing to a jury. Because what this means is that the plaintiffs were at least partially in view for many seconds prior to them walking in front of Johnson's vehicle. Whether they were ever partially obstructed by Johnson's vehicle or not, some portion of one or both of the plaintiffs would have still been visible to Johnson, especially given the fact that the plaintiffs were in motion and walking at a steady pace during the sequence of events. There is simply no factual issue in the case that this testimony could help the jury decide and that testimony should be excluded.

### III.     CONCLUSION

Borzendowski's testimony, while perhaps initially appealing to the defense, falls apart very quickly upon a glancing inspection. The literature Borzendowski relied on in opining about Johnson's gaze was not applicable to the situation Johnson faced and would only confuse a jury. Obviously, South Carolina drivers are responsible for looking out for numerous hazards that may exist, not just one. Further, the testimony about expectancy is clearly not applicable, since the plaintiffs had the right of way and did not step in front of a moving vehicle. The Johnson vehicle was stopped, the plaintiffs had the right of way, and walked in front of a stopped vehicle which then accelerated suddenly and hit them. And any testimony about "partial obstruction" will only confuse the jury and is certainly not

helpful in deciding any factual issues in this case. For all of these reasons, Plaintiffs request this Court preclude any expert testimony of Stephanie Borzendowski.

                                Respectfully submitted,

                                LAW OFFICE OF KENNETH E. BERGER, LLC

                                /s/ Bradley L. Lanford
                                blanford@bergerlawsc.com
                                Federal Bar No.: 9371
                                5205 Forest Drive, Suite Two
                                Columbia, SC 29206
                                (803) 790-2800 (phone)
                                (803) 790-2870 (fax)
                                Attorney for Plaintiff Ryan Koenig

                                /s/ Kenneth E. Berger
                                Kenneth E. Berger
                                kberger@bergerlawsc.com
                                Federal Bar No.: 11083
                                5205 Forest Drive, Suite Two
                                Columbia, SC 29206
                                (803) 790-2800 (phone)
                                (803) 790-2870 (fax)
                                Attorney for Plaintiff Ryan Koenig

                                FINNEY INJURY LAW

                                /s/ Christopher J. Finney
                                Christopher J. Finney
                                Chris@finneyinjurylaw.com
                                Federal Bar No.: 62888MO
                                225 S. Meramec Avenue, Suite 821T
                                Clayton, MO 63105
                                (314) 293-4222 (phone)
                                (314) 754-9477 (fax)
                                Attorney for Plaintiff Ryan Koenig

                                JOYE LAW FIRM

                                /s/ Mark J. Bringardner
                                Mark J. Bringardner
                                mbringardner@joyelawfirm.com
                                Federal Bar No.: 12342
                                5861 Rivers Avenue

                                North Charleston, SC 29406
                                (843) 554-3100 (phone)
                                (843) 529-9180 (fax)
                                Attorney for Plaintiff Kellie Everett

Columbia, South Carolina
February 21, 2020