UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ryan Koenig and Kellie Everett, | ) | C/A No. 2:18-cv-03599-DCN |
| | ) | |
| *Plaintiffs,* | ) | **DEFENDANT'S REPLY TO PLAINTIFF** |
| | ) | **RYAN KOENIG'S RESPONSE IN** |
| Versus | ) | **OPPOSITION TO DEFENDANT'S** |
| | ) | **MOTION TO EXCLUDE** |
| Edward Johnson, | ) | |
| | ) | |
| *Defendant.* | ) | |

The Defendant Edward Johnson (hereinafter "the Defendant"), respectfully submits this Reply to Plaintiff Ryan Koenig's Response in Opposition to Defendant's Motion to Exclude. ECF No. 59.

In opposition to Defendant's Motion to Exclude Robert Eilers, M.D., the Plaintiff first cites to a Memorandum and Order setting forth the Court's findings in an unrelated matter decided without a jury pursuant to Rule 52(a), FRCP. Farley v. U.S., 98 F.Supp.3d 299 (2015). The Court in Farley found that Dr. Eilers provided compelling testimony on the future medical care needs of a stroke victim. However, simply because Dr. Eilers was permitted to offer opinions in a separate non-jury matter does not automatically result in his methodology or opinions being reliable in this case. "Daubert requires federal courts evaluate all proffered expert testimony, when challenged under Rule 702, on a case-by-case basis, and directs district courts not to merely 'rubber-stamp' such evidence based solely upon the expert's resume, including any testimonial history." Dreyer v. Ryder Auto. Carrier Grp., Inc., 367 F. Supp. 2d 413, 432 (W.D.N.Y. 2005). This is especially true where the matter cited and relied upon by the Plaintiff arises from a bench, rather than a jury trial. "The gatekeeping function of the court is relaxed where a bench trial is to be conducted … because the court is better equipped than a jury to weigh the probative value of expert

evidence." Traxys N. Am., LLC v. Concept Mining, Inc., 808 F. Supp. 2d 851, 853 (W.D. Va. 2011) (citing United States v. 100.01 Acres in Buchanan Cnty., Va., No. 1:00CV00185, 2002 U.S. Dist. LEXIS 8133, 2002 WL 923925, at *2 (W.D. Va. May 7, 2002)). "Indeed, '[t]he 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial.'" Id. (citing Deal v. Hamilton Cnty. Bd. of Educ., 392 F.3d 840, 852 (6th Cir. 2004)). "[W]here the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702." Id. (citing In re Salem, 465 F.3d 767, 777 (7th Cir. 2006)). "There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." Id. (citing United States v. Brown, 415 F.3d 1257, 1269 (11th Cir. 2005)). Accordingly, the Plaintiff's reliance on Farley is misplaced and the admission of Dr. Eilers' testimony in Farley does not render his opinions credible here. Instead, the admissibility of Dr. Eilers' testimony depends on the particular facts and methodology employed in the instant matter.

Plaintiff Ryan Koenig next asserts that Dr. Eilers' methodology should be considered reliable based upon a recent orthopedic evaluation purportedly conducted by treating provider Dr. Joshua Nadaud of Agility Orthopedics. Initially, Dr. Eilers did not review or rely upon any medical records of Mr. Koenig's medical treatment from Agility Orthopedics so this is not relevant to the bases of his opinions. Exhibit 1, Depo Eilers 72: 17-19. The Plaintiff should not now be permitted to bolster Dr. Eilers' testimony with something he has never reviewed or considered. Additionally, Dr. Nadaud's report setting forth his opinions, dated February 26, 2020, was provided to the undersigned counsel on February 28, 2020, one day following mediation and one week after the Defendant filed the Motion to Exclude Dr. Eilers. ECF No. 52., Exhibit 2, Excerpts of Plaintiff Ryan Koenig's Eleventh Supplemental Responses to Requests for Production. This was also

produced weeks after the close of discovery per the amended scheduling order. ECF No. 37. Dr. Nadaud was not identified by Plaintiff Ryan Koenig as either a retained or a non-retained, treating expert witness. ECF No. 19. At no time subsequent to the May 16, 2019 Rule 26(a)(2), FRCP disclosures did the Plaintiff specifically identify Dr. Nadaud as an individual who would be offering opinions on future treatment and the cost of the same. The Plaintiff should not be permitted to buttress the faulty methodology employed by Dr. Eilers with a quasi-expert report from Dr. Nadaud completed after discovery and after the filing of a Motion to Exclude Dr. Eilers, especially in circumstances where Dr. Nadaud is not a non-retained, treating provider identified to offer opinions. In addition, the Defendant would request that Dr. Nadaud be precluded from offering such opinion testimony at the trial of this case.

"[I]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached . . . and how that experience is reliably applied to the facts." Israel v. Springs Indus., No. 98 CV 5106 (ENV) (RML), 2006 U.S. Dist. LEXIS 80863, at *8 (E.D.N.Y. Nov. 3, 2006) (citing Thomas v. City of Chattanooga, 398 F.3d 426, 432 (6th Cir. 2005) (quoting FED. R. EVID. 702 advisory committee note), cert. denied, 126 S. Ct. 338, 163 L. Ed. 2d 50 (2005). The Plaintiff repeatedly refers to Dr. Eilers' years of experience but fails to explain how his experience leads to the conclusions offered. For these and the foregoing reasons, the Defendant Edward Johnson respectfully requests this Court exclude the opinions and testimony of Plaintiff's experts Dr. Eilers and Ms. Yount from the trial of this case.

        HOOD LAW FIRM, LLC
        172 Meeting Street
        Post Office Box 1508
        Charleston, SC  29402
        Ph: (843) 577-4435 / Fax: (843) 722-1630
        Email: Info@hoodlaw.com


**s/ Brian E. Johnson**
_____
Robert H. Hood, Jr. (6998)
Brian E. Johnson (10098)
Brian J. Kern (10885)

*Attorneys for the Defendant
Edward Johnson*

**March 13, 2020**
Charleston, South Carolina